*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GARY MILTON SIMONS, JR.,

Defendant-Appellant.

UNPUBLISHED
September 24, 2024
9:31 AM

No. 363392
St. Clair Circuit Court
LC No. 22-000314-FH

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant was convicted at a jury trial of one count of fourth-degree criminal sexual conduct (CSC), MCL 750.520e(1)(b), and two counts of furnishing alcohol to a minor, MCL 436.1701(1). Defendant argues that the trial court allowed a detective to give improper opinion testimony and that the prosecutor committed misconduct, or that defense counsel was ineffective for failing to object in these instances. We affirm.

## I. BACKGROUND

In April 2021, two minors, TR and KD, were riding four-wheelers together when they stopped to visit defendant's mother at her home. After they visited with her in her kitchen, they started to leave, but defendant invited them to join him in the barn. There, defendant served TR and KD several rounds of liquor shots. Before TR and KD left, defendant touched each of the minors' pelvic areas. TR and KD returned home, their parents learned of the assaults, and the police were called. Defendant was subsequently charged with one count of fourth-degree CSC, with KD as the listed victim, and two counts of furnishing alcohol to a minor, identifying both TR and KD as recipients.

At trial, Detective Christopher Schwartzkopf testified as a lay witness about the steps of his investigation, including his interview with defendant. Detective Schwartzkopf acknowledged that defendant was cooperative, but testified that defendant's demeanor changed when asked about touching TR and KD and giving them alcohol. This caused the detective to think that defendant was lying. Defense counsel objected on the basis of "vouching," and the trial court sustained the objection "to a point," explaining that the witness could testify about his "hunches" and "feelings"

-1-

during his investigation, but the determination of truthfulness was for the jury. The trial court stated that it would allow the prosecutor to ask the question again in a different manner. Detective Schwartzkopf then testified that defendant's demeanor changed when asked about the assault and alcohol, including becoming defensive, nervous, and fidgety. On the basis of Detective Schwartzkopf's 32 years of experience, he did not think that defendant's demeanor was indicative of someone being honest.

Detective Schwartzkopf also testified that he did not follow up with "Jack," a friend of TR's and KD's, despite TR having initially told her parents on the evening of the incident that they had been drinking at Jack's house, instead of in defendant's barn. Further, the detective explained that defendant told him "several times" that he did not drink often.

Defendant testified, denying that he provided TR and KD with alcohol or that he assaulted them. Defendant also testified that he did not often drink. On cross-examination, the prosecutor asked defendant if Jack would be lying if he said he remembered drinking alcohol at defendant's barn before. Defense counsel objected to the question on the basis of relevance and lack of foundation. Defendant had, before defense counsel's objection was heard, answered, "It could be." Defense counsel asked the trial court to strike "all that," and the trial court apparently did not hear defendant's answer, because the court explained that a question was not evidence and there was nothing for the jury to consider without an answer. Neither defense counsel nor the trial court knew if defendant had answered, and the prosecutor moved on to a different question. Jack did not testify at trial.

In his closing argument, defense counsel attacked TR's and KD's credibility, arguing that they told lies and made up the story to get out of trouble and pointing to inconsistencies in their stories. Defense counsel additionally stated that he had "a big problem with the fact that we didn't even follow up with Jack in this case." In rebuttal, the prosecutor argued that if they found defendant to be not guilty, they were finding that KD was a liar. The prosecutor further argued that TR and KD did not have a motive to lie and that if they were at Jack's house, the jury "would have heard from Jack, trust me."

The trial court then instructed the jury, including explaining that the attorneys' arguments and questions to witnesses were not evidence. Defendant was found guilty on all counts.

Defendant now appeals.

## II. ANALYSIS

### A. IMPROPER OPINION TESTIMONY

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019) (citation omitted). Although defense counsel originally objected to the prosecutor's question about Detective Schwartzkopf's perception of defendant's honesty, the detective was ultimately able to provide substantially the same testimony without another objection from defense counsel. Therefore, the issue is not preserved. Unpreserved claims of error are reviewed for plain error. *Id.* To establish plain error, a defendant must show that (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected

the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.*

Under MRE 701,[1] a lay witness may give opinion testimony if it is rationally based on the witness's perception and it is helpful to clearly understand the witness's testimony or to determine a fact at issue. Police officers are lay witnesses when not specifically testifying as experts. See *People v Fomby*, 300 Mich App 46, 50; 831 NW2d 887 (2013). Although a witness may not opine at trial about a defendant's guilt or innocence, police officers may testify about their personal perceptions made during an investigation, including about whether a defendant appeared to be truthful. See *People v Heft*, 299 Mich App 69, 81-83; 829 NW2d 266 (2012).

Detective Schwartzkopf did not invade the province of the jury or opine on defendant's guilt to the charged offenses. Instead, the detective properly testified about the investigation, including his perceptions about defendant during their interview. Defendant relies on *People v Lowrey*, 342 Mich App 99, 112; 993 NW2d 62 (2022), in which this Court explained that although it was "not entirely forbidden for a police officer to express the belief that a statement made by a defendant during the course of an investigation was untrue," an expert witness may not testify about the truthfulness of a defendant's confession. This Court further explained that the detective could describe the steps he took in his investigation, including his thought processes, but he could not testify about his belief of whether the defendant committed any specific act. *Id.* at 109, 113-114. Likewise, here, Detective Schwartzkopf did not testify that he thought defendant was guilty of the charged offenses, but, instead, about his perception of defendant's demeanor when discussing certain topics in their interview.

Further, as in *Lowrey*, defendant testified at trial, and Detective Schwartzkopf did not comment on that testimony, giving the jury the opportunity to evaluate defendant's credibility. See *id.* at 114. "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Therefore, although defendant argues that the admission of the detective's testimony prejudiced him, there is no indication that this brief testimony was clearly improper or that it affected the outcome of the proceedings. See *Carines*, 460 Mich at 763.

## B. PROSECUTORIAL MISCONDUCT

"In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defense counsel objected to the prosecutor's conduct during cross-examination of defendant and asked for defendant's answer to be stricken, although neither defense counsel nor the trial court apparently heard defendant answer the question. Defense counsel, therefore, preserved this argument. This Court reviews de novo issues of prosecutorial misconduct to determine whether a defendant was denied a fair and impartial trial. See *id.* Defense counsel did not, however, object to the prosecutor's conduct or request a curative instruction

---

[1] The Michigan Rules of Evidence have been substantially amended, effective January 1, 2024. We rely on the version of the rules in effect at the time of defendant's trial.

during closing arguments. These issues are not preserved, and we review these arguments for plain error. See *id*.

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). We review a prosecutor's remarks in light of the entire record. See *id*. at 64. Remarks that are otherwise improper may not require reversal if the prosecutor was addressing issues raised by defense counsel. *Id*. "A prosecutor may not vouch for the credibility of witnesses by claiming some special knowledge with respect to their truthfulness." *People v McGhee*, 268 Mich App 600, 630; 709 NW2d 595 (2005). A prosecutor may, however, argue from the facts that a jury should believe a witness. *Id*.

Defendant argues that the prosecutor's question about Jack implied that the prosecutor had knowledge beyond what was presented at trial, including of hearsay statements and evidence that defendant had engaged in other bad acts. Further, defendant argues that this improperly put defendant in a position to give his opinion on Jack's credibility.

The prosecutor's question potentially implied that she was aware of information about Jack. Jack was not, however, a witness at trial, so the jury was not tasked with considering his credibility. The prosecutor's question about Jack followed a line of questioning that appeared to be an attempt to impeach defendant's statement that he did not often drink. The prosecutor is permitted to address issues raised by defense counsel, see *Dobek*, 274 Mich App at 64, although relying on information purportedly from Jack was not the proper method to do so in this situation. Regardless, considering defense counsel and the trial court did not appear to hear defendant's brief and vague answer to the question, it is likely that the jury did not hear it or consider it either. When defense counsel objected, the trial court noted that "questions are not evidence" and, in closing instructions, properly informed the jury again that questions were not evidence. See *People v Callon*, 256 Mich App 312, 330-331; 662 NW2d 501 (2003). Therefore, defendant has not established that the prosecutor's question denied him a fair and impartial trial. See *Bennett*, 290 Mich App at 475.

Turning to the prosecutor's closing argument, defendant argues that it was improper for the prosecutor to tell the jury that, to find defendant not guilty, it would have to determine that KD was lying. Taken in context of defense counsel's argument, the prosecutor's statement does not warrant reversal because she was responding to defense counsel's arguments attacking TR's and KD's credibility and direct assertions that they had told lies. See *Dobek*, 274 Mich App at 64.

Likewise, the prosecutor's argument about the jury hearing from Jack had TR and KD been at his house does not require reversal. Defendant argues that the statement shifted the burden of proof by implying that the defense had a duty to call Jack as a witness. Instead, in context, the statements were in direct response to defense counsel's statement that he had an issue with there being no follow-up investigation of Jack. See *id*. Defense counsel raised the issue of Jack not testifying, and it was for the jury, in light of all of the evidence, to determine whether that contributed to a reasonable doubt of defendant's guilt.

C. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that trial counsel was ineffective for failing to object to the detective's testimony about defendant's honesty and to the prosecutor's statements during closing arguments. Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). Because no evidentiary hearing has been held, we review defendant's claims for errors apparent on the record. See *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007).

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id*. Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667.

Because Detective Schwartzkopf did not give improper opinion testimony, trial counsel was not ineffective for failing to advocate a meritless position. See *People v Payne*, 285 Mich App 181, 191; 774 NW2d 714 (2009). Likewise, trial counsel is not ineffective for failing to object during the prosecutor's closing argument, or a second time during defendant's cross-examination. Defendant has also not demonstrated that, but for these alleged errors, there was a reasonable likelihood that the outcome of trial would have been different. See *Jordan*, 275 Mich App at 667.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle